[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12042
Non-Argument Calendar

_____

Agency No. A093-318-690

FERNANDO OLIVEROS DERAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 29, 2021)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Fernando Oliverso Deras seeks review of the Board of Immigration Appeals' final order affirming an Immigration Judge's denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b). The BIA held that Mr. Deras' application did not warrant discretionary relief, which is a decision over which this Court lacks jurisdiction to review. See 8 U.S.C. § 1252(a)(2). We therefore dismiss the petition.

I

Mr. Deras is a native and citizen of Mexico. In September of 2013, the Department of Homeland Security served him with a notice to appear, in which he was charged with being removable under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled; and under 8 U.S.C. § 1182(a)(7)(A)(i)(I), because he sought admission without a proper entry document. At a removal hearing in January of 2015, Mr. Deras conceded both charges of removability.

Mr. Deras then sought cancellation of the removal as a non-lawful permanent resident under 8 U.S.C. § 1229b(b)(1). In March of 2018, the IJ issued a decision denying cancellation of removal both because Mr. Deras had not shown exceptional and extremely unusual hardship to his children, who were United States citizens, and because he did not merit the relief as a matter of discretion. Mr. Deras appealed the

2

IJ's decision, and the BIA upheld the determination that Mr. Deras did not merit cancellation as a matter of discretion. The BIA determined that it was unnecessary to address whether Mr. Deras had established sufficient hardship.

Mr. Deras now seeks our review of that BIA decision, and asserts that the BIA erred in affirming the IJ's conclusions. He argues that the IJ put undue weight on his criminal history, which does not include any serious offenses, and that the positive equities of his case—among them, the need to provide for his children— outweigh the negative equities. The government argues in response that this Court lacks jurisdiction over the petition for review because Mr. Deras has not raised any legal or constitutional claim that would provide jurisdiction. Mr. Deras did not file a reply brief.

## II

We lack jurisdiction to review any order or judgment regarding relief under certain provisions of the INA, including those concerning cancellation of removal and adjustment of status. *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). Notwithstanding that jurisdictional bar, we retain jurisdiction to review any petition that raises a constitutional claim or question of law. *See* INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

Here, the BIA agreed with the IJ's determination that Mr. Deras' application for cancellation of removal did not warrant granting as a matter of discretion. That discretionary determination is not reviewable, and Mr. Deras' only argument on appeal is that the facts of his case merit discretionary relief. *See Patel v. Att'y Gen.*, 971 F.3d 1258, 1279 (11th Cir. 2020) (*en banc*) (explaining that we lack jurisdiction to review factual challenges to a denial of discretionary relief). *See also Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549-50 (11th Cir. 2011) ("what constitutes an 'exceptional and extremely unusual hardship' is itself a discretionary determination") (citation omitted). Mr. Deras has not raised any constitutional claim or question of law that allows for judicial review of the BIA's order.

## III

We dismiss Mr. Deras' petition because we lack jurisdiction to review it.

**PETITION DISMISSED.**